**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Buckman, | No. CV-06-2005-PHX-DGC (JM) |
| Plaintiff, | **ORDER** |
| vs. | |
| MCI World Com, | |
| Defendant. | |

Defendant has filed a motion to dismiss. Dkt. #30. Plaintiff has filed a motion for leave to amend the complaint. Dkt. #57. Responses and a reply have been filed. Dkt. ##54-55, 60. The Court will deny the motions.[1]

**I.    Background.**

Plaintiff was employed by Defendant as a telemarketing sales representative beginning in February 2003. Defendant terminated Plaintiff's employment in April 2004 for alleged violations of Defendant's attendance policy.

The State of Arizona indicted Plaintiff on charges of first degree murder in August 2005. Plaintiff currently is incarcerated in Maricopa County Jail pending trial.

Plaintiff commenced this action by filing a complaint against Defendant in state court in December 2005. Defendant removed the action to this Court. Dkt. #1. Plaintiff filed an

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  amended complaint alleging that Defendant violated the Family and Medical Leave Act and
2  the Americans with Disabilities Act by terminating his employment.  Plaintiff seeks
3  compensatory and punitive damages, including lost wages, the cost of medical treatment for
4  his hepatitis C, and emotional distress damages.  Dkt. #28.

5  Plaintiff was deposed on April 17, 2007.  Plaintiff refused to answer questions
6  regarding his pending criminal case and other criminal matters based on his Fifth
7  Amendment right against self-incrimination. Dkt. #30-4, Ex. 1. Plaintiff sought a protective
8  order regarding criminal matters occurring more than one year after his termination on the
9  grounds of relevancy and his Fifth Amendment rights.  Dkt. #24.  Magistrate Judge
10 Jacqueline Marshall denied the request, concluding that Defendant was entitled to discover
11 Plaintiff's incarceration records and criminal history. Dkt. #27. Plaintiff renewed his request
12 for a protective order.  Dkt. #37.  Judge Marshall denied the request.  Dkt. #53.

13 **II.    Defendant's Motion to Dismiss.**

14 Defendant acknowledges that Plaintiff has the right to assert his constitutional
15 privilege against self-incrimination and that the Court may not force Plaintiff to waive this
16 privilege with respect to his criminal case.  Defendant contends, however, that assertion of
17 the privilege severely prejudices Defendant and that Plaintiff cannot both assert his Fifth
18 Amendment rights and pursue this lawsuit.  Defendant argues that dismissal is the penalty
19 Plaintiff must pay for his silence.  Dkt. #30.

20 The Federal Rules of Civil Procedure "recognize an appropriate role for the exercise
21 of [the Fifth Amendment] privilege, and a refusal to respond to discovery under such
22 invocation cannot justify the imposition of penalties." *Doe v. Glanzer*, 232 F.3d 1258, 1265
23 (9th Cir. 2000) (citing Fed. R. Civ. P. 26(b)(5)).  "In this context, 'penalty' is not restricted
24 to fine or imprisonment."  *Spevack v. Klein*, 385 U.S. 511, 515 (1976).  It means, as the
25 Supreme Court stated in *Griffin v. California*, 380 U.S. 609 (1965), "the imposition of any
26 sanction which makes the assertion of the Fifth Amendment privilege 'costly.'" *Id.*

27 "It is obvious that dismissal of [this] action is costly and therefore would not survive
28 the *Griffin* test."  *Campbell v. Gerrans*, 592 F.2d 1054, 1058 (9th Cir. 1979).  Imposing the

1 harsh sanction of dismissal for "a proper exercise of Fifth Amendment rights is not in accord
2 with Supreme Court decisions." *Id.* at 1057. The Court will therefore deny the motion to
3 dismiss.

4 Defendant's reliance on *Lyons v. Johnson*, 415 F.2d 540 (9th Cir. 1969), is misplaced.
5 The district court dismissed the plaintiff's claims in *Lyons* due to her "continued and
6 unyielding refusal" to respond to any discovery based on a blanket assertion of Fifth
7 Amendment rights. *Id.* at 541. Plaintiff has made no such assertion in this case. *See*
8 *Campbell*, 592 F.2d at 1057-58 (distinguishing *Lyons* and holding that the district court
9 abused its discretion in dismissing the case due to the plaintiffs' Fifth Amendment plea
10 during discovery).

11 **III.     Plaintiff's Motion to Amend.**

12 Plaintiff seeks leave to file a second amended complaint to add several former MCI
13 employees as defendants and to correct certain factual allegations. Dkt. #57. The Scheduling
14 Order provides that "[a]ll motions to join parties or to amend pleadings shall be filed by
15 **May 28, 2007**." Dkt. #11 ¶ 6 (emphasis in original). Plaintiff's motion was filed on July 11,
16 2007, more than six weeks late.

17 Although Plaintiff argues that leave to amend should be liberally granted under
18 Rule 15, that is not the standard to be applied in resolving the present motion. Plaintiff's
19 motion to amend was filed after the deadline set by the Court pursuant to Rule 16 of the
20 Federal Rules of Civil Procedure. A deadline established under Rule 16 "shall not be
21 modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v.*
22 *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order
23 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed.
24 R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite
25 the diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s
26 Notes (1983 Am.).

27 Plaintiff states that he simply forgot to name the former MCI employees as defendants
28 and that discovery has revealed certain errors in the complaint. Dkt. #57. Plaintiff does not

1 explain, however, why he could not have named the employees or discovered the mistakes
2 prior to July 11, 2007. The complaint in this matter was filed on December 6, 2005. Dkt.
3 #1, Ex. A. Plaintiff had ample opportunity to amend his complaint prior to the deadline of
4 May 28, 2007. The Court will deny the motion to amend.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #30) is **denied**.

2. Plaintiff's motion for leave to amend the complaint (Dkt. #57) is **denied**.

DATED this 9th day of August, 2007.

David G. Campbell
United States District Judge

- 4 -