**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Buckman, | No. CV-06-2005-PHX-DGC (JM) |
| Plaintiff, | **ORDER** |
| vs. | |
| MCI World Com, | |
| Defendant. | |

Plaintiff has filed a motion for reconsideration of United States Magistrate Judge Jacqueline Marshall's order denying Plaintiff's motion to enlarge time to disclose expert report and motion to substitute expert witness. Dkt. #116. The Court will deny the motion.

**A.   Background.**

Plaintiff was employed by Defendant as a telemarketing sales representative beginning in February 2003. Defendant terminated Plaintiff's employment in April 2004.

The State of Arizona indicted Plaintiff on charges of first degree murder in August 2005. Plaintiff currently is incarcerated in Maricopa County Jail pending trial.

Plaintiff commenced this action by filing a complaint against Defendant in state court in December 2005. Defendant removed the action to this Court. Dkt. #1. The case was referred to Magistrate Judge Marshall for pretrial proceedings. Dkt. #6.

Plaintiff's amended complaint alleges that Defendant violated the Family and Medical Leave Act and the Americans with Disabilities Act by terminating his employment. Plaintiff seeks compensatory and punitive damages. Dkt. #28.

**B.     Discussion.**

The deadline for Plaintiff to disclose the identity of his expert witness was March 15, 2007 (*see* Dkt. ##23 and 27), and the deadline for the disclosure of expert reports was September 10, 2007 (*see* Dkt. ##53 and 65).  Plaintiff disclosed Morris Jackson as his medical expert on April 1, 2007.  *See* Dkt. #116 at 32-35.

In August 2007, Plaintiff requested an additional 30 days to disclose an expert report and sought to substitute Dr. Ben Cecil as his medical expert.  Dkt. ##67-68.  The Magistrate Judge denied Plaintiff's motions in an order dated November 11, 2007.  Dkt. #87.  The Magistrate Judge denied Plaintiff's motion for reconsideration for the reasons stated in the November 11 order.  Dkt. ##110.  Plaintiff requests the Court to reconsider these rulings.  Dkt. #116.

"A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'"  *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)); *see Grimes v. City & County of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(b)).  Plaintiff asserts that he is at a disadvantage in this case because he is an incarcerated pro se litigant.  Dkt. #116 at 2.  But the Magistrate Judge explicitly considered the difficulty of preparing a case while incarcerated in denying Plaintiff's motions.  Dkt. #87 at 1.  The Magistrate Judge noted that she previously had granted extensions of the expert deadlines and had denied a request to stay discovery for the stated purpose of allowing Plaintiff to conduct discovery while Defendant's motion to dismiss was pending.  *Id.*  The Magistrate Judge concluded that in light of the previous extensions, and because Plaintiff's excuse of waiting for a ruling on the motion to dismiss to conduct discovery was unjustified, Plaintiff had not shown good cause to extend the expert deadlines.  *Id.*

This conclusion is not clearly erroneous or contrary to law.  Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff has not shown that

1 he was diligent in retaining Dr. Cecil as an expert witness. The Court will deny the motion
2 for reconsideration. *See Osband*, 290 F.3d at 1042 (holding that the district court did not err
3 in denying motion for reconsideration of a magistrate's order).

4 **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #116) is **denied**.
5 DATED this 16th day of January, 2008.

David G. Campbell
United States District Judge