**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan W. Buckman, | No. CV-06-2005-PHX-DGC (JJM) |
| Plaintiff, | **ORDER** |
| vs. | |
| MCI World Com, | |
| Defendant. | |

Plaintiff Ryan W. Buckman has filed a motion seeking reconsideration (Dkt. #149) of the Court's April 4, 2008, order granting Defendant MCI World Com's motion for summary judgment (Dkt. #147). The Court will deny the motion.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its

initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff's motion fails to satisfy any of these limited circumstances.

## I.   Legal Authority.

Plaintiff cites to two Supreme Court opinions in support of his motion. Dkt. #149. The first, *Haines v. Kerner*, concerned a district court's dismissal of a *pro se* prisoner's "complaint without allowing him to present evidence on his claims." 404 U.S. 519, 520 (1972) (per curiam). The Supreme Court reversed, holding that the inmate's allegations "are sufficient to call for the opportunity to offer supporting evidence." *Id*. Here, by contrast, Plaintiff was given the opportunity to submit evidence in opposition to Defendant's motion for summary judgment. *See* Dkt. #111. Plaintiff submitted voluminous supporting evidence. *See* Dkt. ##127-131. *Haines* therefore does not apply.

In the second case, *Hyman v. Rickman*, Justice Blackman dissented from the Supreme Court's refusal to review a decision by the U.S. Court of Appeals for the Seventh Circuit that a district court did not abuse its discretion in denying a *pro se* prisoner's motion for appointment of counsel. 446 U.S. 989 (1980) (Blackmun, J., dissenting from the denial of certiorari). The Supreme Court, by denying certiorari, let stand the Seventh Circuit's ruling. Moreover, the denial of certiorari itself does not provide lower courts with any indication as to how the Supreme Court would resolve the contested legal issues and thus lacks precedential effect. *See State of Md. v. Baltimore Radio Show*, 338 U.S. 912, 919 (1950) (opinion of Frankfurter, J., with respect to denial of certiorari) (explaining that a denial of certiorari "simply means that fewer than four members of the Court deemed it desirable to review a decision of the lower court as a matter of sound judicial discretion.") (internal quotes and citation omitted). A dissent from the denial of certiorari, *a fortiori*, does not bind the Court either. *See id*.

To the extent that the dissent has persuasive value, it does not help Plaintiff's cause. Justice Blackman suggested that counsel could have assisted the *pro se* prisoner because counsel could have expanded the plaintiff's claims, added proper defendants to the action, and obtained expert testimony. 446 U.S. at 991 (Blackmun, J., dissenting from the denial of

- 2 -

1 certiorari). None of these situations is present in this case – Plaintiff's case was not deficient because of an absence of claims or defendants, and, by his own admission, Plaintiff had a seemingly well-regarded physician independently review his medical files at no cost.

## II. Appointment of Counsel.

More generally, Plaintiff implies that his motion for appointment of counsel (Dkt. #119) should have been granted by Magistrate Judge Marshall. Dkt. #149. The Court has reviewed Magistrate Judge Marshall's decision denying Plaintiff's request for counsel (Dkt. #126) and finds no error – the correct legal standard was applied, under which Plaintiff failed to demonstrate any exceptional circumstances justifying the appointment of counsel, Plaintiff ably litigated his case for two years, and a likelihood of success on the merits was not shown.

Plaintiff also claims that he does not understand the Court's procedures and that counsel should have been appointed as a result. A litigant's knowledge and ability are relevant to a motion for appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). But Plaintiff exhibited an understanding of the legal and factual issues of his case and did not establish that the complexity of the issues were "exceptional." *Id.* Moreover, the Court attempted to mitigate any unfamiliarity with its procedures by providing detailed instructions to Plaintiff on how to respond to Defendant's motion for summary judgment in a manner consistent with the requirements of Rule 56 of the Federal Rules of Civil Procedure. Dkt. #111.

## III. FMLA Claim.

Plaintiff clarifies various aspects of his claim that Defendant impermissibly interfered with his rights under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. § 2615(a)(1). Plaintiff first argues that he should not have been on his "last straw" with Defendant because he did not improperly change a customer's service. Dkt. #149. This argument addresses whether the disciplinary action was unwarranted. It does not establish that Plaintiff was on thin ice because he exercised his FMLA rights.

Plaintiff contends that he was sick around the time of his termination and that his medical treatment exacerbated his condition. As evidence, Plaintiff provides an

1 informational guide to a medication that Plaintiff ostensibly took. *See id.* at Ex. C. The
2 guide suggests that the medication "can have serious side effects," but there is no
3 accompanying evidence that Plaintiff himself suffered any such side effects. Dkt. #149-5 at
4 4. Nor does Plaintiff show that this evidence was unavailable when he responded to
5 Defendant's motion for summary judgment.

6 Plaintiff also states that, because he was ill, he should not have attempted to work and
7 that, in any event, he was required to produce a doctor's release before coming back to the
8 office. Dkt. #149. As noted in the Court's order, there is no evidence that, up until a
9 doctor's release was submitted, Plaintiff was free to disregard Defendant's attendance and
10 reporting policies, or that these policies no longer applied to him. Dkt. #147. The Court's
11 reading of the policies indicates that the release requirement has limited significance,
12 excusing Plaintiff from returning to work but not excusing him from the employer's policies
13 altogether.

14 Plaintiff states that he was not in jail on April 19, 2004, and that any testimony to the
15 contrary are lies. Dkt. #149. Whether Plaintiff was in jail or not misses the point, namely,
16 whether he was required to work on that day. The Court's order stated that, according to the
17 submitted admissible evidence, Plaintiff was to report to work that day and that therefore his
18 failure to call in on time and his absence provided grounds for his termination that were
19 unrelated to his use of FMLA leave. Dkt. #147. Plaintiff has not presented evidence calling
20 that conclusion into doubt. For example, Plaintiff refers to a doctor's note intimating that
21 Plaintiff was ill from April 19-20, 2004. Dkt. #149-6 at 6. As noted in the Court's order,
22 however, the note also states that Plaintiff was under the doctor's care from April 20-21,
23 2004 – not on April 19, 2004. Dkt. #147. The note thus does not support a determination
24 that the doctor had personal knowledge of the Plaintiff's condition on April 19, 2004. The
25 Plaintiff also points the Court to an independent evaluation of his medical files conducted by
26 Dr. Bennet Cecil. Dkt. #149-6 at 15. The evaluation notes, in general terms, that Plaintiff
27 had been ill and that his condition could be quite serious without treatment. Dr. Cecil states
28 that Plaintiff "was unable to work on some days," *id.*, but this ambiguous observation says

- 4 -

1  nothing about whether Plaintiff was ill or could have worked during the particular times
2  relevant to this action.
3        The Court has carefully reviewed Plaintiff's motion for reconsideration and each of
4  the supporting documents attached thereto. Upon deliberate consideration of Plaintiff's
5  arguments and evidence, the Court finds that its order granting summary judgment remains
6  sound and specifically that Plaintiff has failed to demonstrate that he is entitled to relief under
7  the narrow circumstances recognized by this Court in *Motorola*. *See* 215 F.R.D. at 586.
8  **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #149) is **denied**.
9  DATED this 22nd day of May, 2008.

_____
David G. Campbell
United States District Judge

- 5 -